**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALFREDO PINTOR,<br><br>      Plaintiff,<br><br>    v.<br><br>THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, JOHN DOE (1-12) and XYZ CORPORATION (1-12),<br><br>      Defendant. | Civil Action No. 08-2138 (SDW)<br><br>**OPINION**<br><br>August 20, 2009 |

**WIGENTON**, District Judge

   Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), brought by Defendant the Port Authority of New York and New Jersey ("Port Authority").  This Court has jurisdiction pursuant to 28 U.S.C. § 1343.  Venue is proper pursuant to 28 U.S.C. § 1391(b). The Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

  Alfredo Pintor was a draftsman employed by Joule Technical Staffing ("Joule").  (Def.'s Br. Ex. 3, EEOC Position Statement, May 16, 2007.)  Prior to 2006, the Port Authority contracted with Joule to place workers, informally referred to as "job-shoppers," at the Port Authority to work on projects of undetermined duration.  (*Id*.)  Joule placed Pintor in the Engineering Department of the Port Authority in 1986.  (*Id*.)

  In 2004, the Port Authority implemented a program to reduce costs and increase efficiency.  (*Id*.)  One of the results of that effort was the elimination of the "job-shoppers" program.  (*Id*.)  Sometime in early 2006, the Port Authority informed Pintor that his "job-

shopper" position had been eliminated and invited him to apply for one of forty-five new permanent positions that had become available in the Engineering Department. (Def.'s Br. Ex. 3 at 3.)

On May 10, 2006, Pintor applied for a CAD Operator/Designer position in the Engineering Department. (Am. Compl. ¶ 7.) Pintor was not formally interviewed for the position. (*Id*. ¶¶ 9–10.) On August 15, 2006, Pintor was informed that he was not chosen for the position. (*Id*. ¶ 10.) Pintor was 60 years old at the time. (Def.'s Br. Ex. 2 at 3.) Pintor was informed that he was not chosen because he "lacked supervisory experience," although supervisory experience was not a requirement listed in the job posting. (*Id*.) The Complaint alleges that the position was filled by a non-Asian (*Id*. ¶ 11.), but does not specifically mention Pintor's race.

On March 12, 2007, Pintor filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging he was not hired because of his age. (Def.'s Br. Ex. 2, EEOC Compl., March 12, 2007.) The record does not contain any information concerning the outcome of the EEOC proceedings. On November 13, 2007, Pintor filed a complaint in New Jersey Superior Court alleging that the Port Authority and it's "managerial and supervisory agents" discriminated against him based on his age and "due to his handicap" in violation of Article 1 of the New Jersey Constitution and N.J.S.A. 10:5-1 *et seq*. (Def.'s Br. Ex. 1, Superior Ct. Compl., Nov 13, 2007.)

On April 30, 2008, the Port Authority removed the case to this Court. Pintor amended his Complaint on February 24, 2009. The Amended Complaint removed all references to discrimination based on age or disability, and instead alleged a violation of 42 U.S.C. § 1981 for failure to hire based on racial discrimination. (Am. Compl. ¶ 2.) After the Port Authority

objected to Pintor's filing the Amended Complaint, Pintor filed a motion to amend, which was granted on April 28, 2009. The Port Authority's Motion to Dismiss was filed on June 1, 2009. The Port Authority asserts that Pintor's §1981 claim is barred by the two-year statute of limitations. Pintor argues that the §1981 claim relates back to the original complaint and is therefore not barred by the statute of limitations.

## II. DISCUSSION

### A. Statute of Limitations

The Supreme Court has held that civil rights actions arising under § 1981 as amended by the Civil Rights Act of 1991 are governed by the four-year statute of limitations prescribed in 28 U.S.C. § 1658. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). However, causes of action that were possible under § 1981 before it was amended by the Civil Rights Act of 1991 are governed by the applicable state statute of limitations. *Id.*; *see Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987). A failure-to-hire claim based on discrimination such as this one "would have been actionable under the pre-1991 version of 42 U.S.C. § 1981." *George v. American Baptist Churches USA*, No. 07-CV-1306, 2008 WL 2265281, at *4 (E.D. Pa. May 30, 2008.); *see also Smith-Cook v. Nat'l R.R. Passenger Corp. (AMTRAK)*, No. 05-CV-880, 2005 WL 3021101, at *7 (E.D. Pa. Nov. 10, 2005). Therefore, Pintor's claim is subject to New Jersey's two-year statute of limitations for personal injury actions. *See* N.J. Stat. § 2A:14-2.

Pintor's claim accrued at the time the Port Authority told him he was not being hired. "A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994). The amended complaint states that the allegedly discriminatory failure to hire occurred on August 15, 2006. (Am. Compl. ¶ 10.) Pintor first

alleged a violation of § 1981 on February 24, 2009, more than two years after the alleged discriminatory conduct. (Am Compl. ¶ 2.) Pintor became aware of his injury when he was informed that he was not being hired on August 15, 2006. *See Oshiver*, 38 F.3d at 1390-91 (holding that plaintiff's discriminatory discharge claim accrued at the date she was fired even though she was unaware of an underlying discriminatory motive at that time). Therefore, unless Pintor's claim relates back to the date of the original Complaint, it is barred by the statute of limitations.

### B. Relation Back

An amended complaint relates back to the filing date of the original complaint for purposes of the statute of limitations if "the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The "application of *Rule 15(c)* involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party had fair notice of the general fact situation and the legal theory upon which the amending party proceeds." *Bensel v. Allied Pilots Ass'n*, 387 F.2d 298, 310 (3d Cir. 2004). The key elements in determining whether an amended complaint relates back are notice and the potential prejudice that might result from lack of notice. *See Blatt v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 916 F. Supp. 1343, 1351 (D.N.J. 1996) ("Courts have liberally construed *Rule 15(c)* to allow amendments to relate back to the original pleading provided that the opposing party had notice of the claim and would not be prejudiced by the amendment."). An amended complaint "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those in the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Pintor relies primarily on *Hicks v. ABT Associates* for the proposition that a claim of racial discrimination relates back to claims of age and disability discrimination. *Hicks v. ABT Assocs.*, 572 F.2d 960 (3d Cir. 1978). In *Hicks*, the Third Circuit addressed relation back in the context of EEOC administrative proceedings and never mentions Fed. R. Civ. P 15(c)(2). *Id.* at 964. The Port Authority relies on *Spindler v. SEPTA* in support of its position that a claim of racial discrimination does not relate back to claims of age and disability discrimination. *Spindler v. SEPTA*, 47 Fed. Appx. 92 (3d Cir. 2002). In *Spindler*, the Third Circuit addressed exhaustion of administrative remedies rather than relation back under *Rule 15(c)(2)*. *Id.* at 93. The pertinent inquiry in the case at hand is whether, under Fed. R. Civ. P. 15(c)(2), a claim of racial discrimination relates back to the original claims of age and disability discrimination. As such, *Hicks* and *Spindler* are not instructive.

Although it does not appear that the Third Circuit has addressed relation back under *Rule 15(c)(2)* in these particular circumstances, numerous Circuits have refused to allow relation back in similar situations. *See Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874 (5th Cir. 2003) (disability discrimination claim did not relate back to race and gender discrimination claims); *Simms v. Oklahoma, ex rel. Dep't of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1327 (10th Cir. 1999) (claim for retaliation did not relate back to race discrimination claim); *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 575 (7th Cir. 1998) (disability discrimination claim did not relate back to original claim of age discrimination); *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 963-64 (4th Cir. 1996) (age discrimination claim did not relate back to original claim of sex discrimination); *EEOC v. Miss. Coll.*, 625 F.2d 477, 483-84 (5th Cir. 1980) (racial discrimination claim did not relate back to sex discrimination claim).

In *Fairchild*, the Seventh Circuit held a claim of disability discrimination did not relate back to the original complaint of age discrimination because the plaintiff "had made factual allegations that could only support one kind of discrimination–discrimination based on age." 147 F.3d at 575.  Here, in his original Complaint, Pintor only alleged age discrimination and discrimination based on an unidentified disability.  Racial discrimination was not mentioned or even suggested.  (Compl. ¶ 10.)

The Fifth Circuit's decision in *Manning* is also instructive.  *Manning*, 332 F.3d 874.  In *Manning*, the Fifth Circuit refused to allow a claim of discrimination based on disability to relate back to claims of age and gender discrimination.  The Court stated:

> Manning appears to assume that . . . an employee can amend his charge of discrimination at any point to allege a new theory of recovery, as long as the employee does not allege any new facts in the amended charge.
>
> Manning misunderstands the import of our precedent.  The issue is not whether the employee *adds* any facts when he amends his charge of discrimination.  Instead, the question is whether the employee *already included* sufficient facts to put the employer on notice that the employee might have additional allegations of discrimination.

*Id*. at 879.

In this case, Pintor's original Complaint did not include *any* facts even remotely relating to racial discrimination.  In fact, only one paragraph in the original Complaint alleges facts suggesting discrimination of *any* type.  (*See* Compl. ¶ 10, alleging "[t]he position was filled by a younger individual with less experience than Plaintiff.").  As such, Pintor's Original Complaint was insufficient to give the Port Authority "fair notice of the general fact situation and the legal theory" of racial discrimination upon which Pintor now proceeds.  *Bensel*, 387 F.2d at 310.  The Port Authority is prejudiced by the lack of notice because it now must re-open the investigation

6

into their decision not to hire Pintor. This will undoubtedly involve expending resources that may be duplicative of those already expended in preparing to defend Pintor's original claims brought in 2007. Accordingly, Pintor's amended complaint alleging racial discrimination does not relate back to the original claims of age or disability discrimination and is thus barred by the two-year statute of limitations.

     For the reasons stated above, the Port Authority's Motion to Dismiss is GRANTED and Pintor's Amended Complaint is DISMISSED.

     **SO ORDERED.**

s/ Susan D. Wigenton<br>**Susan D. Wigenton, U.S.D.J.**

cc: Madeline Cox Arleo, U.S.M.J.